David J. Weiss, Esq., SBN 78542
Nicholas A. Weiss, Esq., SBN 260606
**DAVID WEISS LAW**
3019 Ocean Park Blvd #392
Santa Monica, CA 90405
Phone: (310) 575-9566
weissn@djwlaw.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY FREEMAN, individually and as the personal representative of TRAVIS CULVER FREEMAN, deceased; KENT FREEMAN, individually and as the personal representative of TRAVIS CULVER FREEMAN, deceased,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 1 TO 10,<br><br>　　　　　Defendants. | CASE NO. **2:24-cv-01600 MWF(AJRx)**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS' COUNTY OF LOS ANGELES AND LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**<br><br>[Filed concurrently with Proposed] Order]<br><br>**Complaint Filed:**<br>**February 27, 2024**<br><br>**First Amended Complaint Filed:**<br>**July 21, 2024** |

**1**
**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 30, 2024, at 10:00 a.m. or as soon thereafter as this matter may be heard in Courtroom 5A of the above-entitled Court, located at United States District Courthouse, 350 West 1st Street, Courtroom 5A, 5th Floor, Los Angeles, California 90012-4565, Defendants, County of Los Angeles ("COLA") and Los Angeles County Sheriff's Department ("LASD") (collectively, "County Defendants"), hereby move this Court for an order to dismiss Plaintiffs KIMBERLY FREEMAN, individually and as the personal representative of TRAVIS CULVER FREEMAN, deceased; KENT FREEMAN, individually and as the personal representative of TRAVIS CULVER FREEMAN, deceased First Amended Complaint filed on July 21, 2024, pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6) and corresponding case law. This Motion is made and based upon the following grounds:

1. Plaintiffs' First and Second Claims fail to state a claim under the Fourteenth Amendment for deliberate indifference;
2. Plaintiffs' Third and Fourth Claims fail to state claims because no predicate constitutional violation is alleged and allegations of customs, policies, and practices are conclusory;
3. Plaintiffs' Fifth Claim Under ADA fails because the adequacy of Decedent's medical care is not covered and there are no allegations of intentional disability discrimination.

Accordingly, County Defendants bring the following Motion to Dismiss Plaintiffs' First Amended Complaint. This motion is made and based upon the First Amended Complaint filed on July 21, 2024, the Court's docket, the

**2**

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1   Memorandum of Points and Authorities submitted herewith, and any argument
2   and evidence presented during the hearing on this matter.
3       This motion is made following a conference of counsel pursuant to L.R. 7-
4   3. The parties counsel have engaged in several substantive email exchanges and
5   participated in at least three substantive meet and confer discussions regarding
6   plaintiffs' complaints and the County Defendants' position that the complaints
7   contain various pleading deficiencies.  On June 17, 2024, in response to Plaintiffs'
8   counsel's request, the County voluntarily produced records to further support the
9   County's position. On July 21, 2024, Plaintiffs filed their First Amended
10  Complaint which cured only one of the pleading inadequacies raised by the
11  County Defendants during the meet and confer process.  On August 16, 2024, the
12  parties participated in a further conference of counsel wherein the issues presented
13  in the County Defendants' motion were discussed thoroughly, but unfortunately
14  the parties reached an impasse and were unable to informally resolve the issues.

16  Dated:  August 12, 2024        **DAVID WEISS LAW**

                                    *[signature]*

                                    DAVID J. WEISS, ESQ.
                                    NICHOLAS A. WEISS, ESQ.
                                    Attorneys for Defendants,
                                    **COUNTY OF LOS ANGELES AND LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

**3**

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................4

II. FACTUAL AND PROCEDURAL BACKGROUND..................................4

III. A MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IS PROPER ........................................................................6

IV. ARGUMENT.................................................................................................8

   A. Plaintiffs Fail To State A Claim Under The Fourteenth Amendment For Deliberate Indifference ................................................................................8

   B. Because No Constitutional Violation Is Alleged, Plaintiffs' Third And Fourth Claims Must Also Fail....................................................................11

   C. Plaintiffs' ADA Claim Fails As A Matter Of Law ......................................12

V. CONCLUSION ..........................................................................................14

DAVID WEISS LAW

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................... 7

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ................................................................................................. 7

*Barker v. Osemwingie*, 2024 WL 2890180 (9th Cir. June 10, 2024) ....................... 13

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1988) .................................... 10

*Beliveau v. Caras*, 873 F.Supp. 1393, 1395-1396 (CD. Cal. 1995) .......................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .............................................. 6

*Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996) ............................................... 13

*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996) ................... 6

*Carrier v. Cty of L.A.*, 2019 U.S. Dist. LEXIS 228662, at *15 (C.D. Cal. 2019) ... 14

*Cravotta v. County of Sacramento*, __F.Supp.3d___ , 2024 WL 645705 (E.D. Cal. 2024) ........................................................................................................................ 13

*Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) ........................... 13

*Gilbert v. County of Los Angeles*, 2022 WL 18110848 (C.D. Cal. 2022) ............... 13

Gordon v. County of Orange, 888 F.3d 1118, 1124–1125 (9th Cir. 2018) ................ 9

*Hyde v. City of Willcox,* 23 F.4th 863, 873 (9th Cir. 2022) ....................................... 8

*Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) .................................................. 9

*Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010) ................................. 13

Monell v. Dep't of Soc. Svcs., 436 U.S. 658 (1978) ................................................. 11

*Navarro v. Block*, 250 F.3d 729, 731(9th Cir. 2001) ................................................. 6

*OSU Student All. v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012) ................................ 9

*Papasan v. Allain* , 478 U.S. 265, 286 (1986) ........................................................... 7

*Perez v. City of Fresno*, __F.4th__, No. 22-15546 (9th Cir. April 15, 2024) .......... 12

Richards v. County of San Bernardino, 39 F.4th 562, 574 (9th Cir. 2022) ............. 11

*Russell v. Lumitap*, 31 F.4th 729, 736 (9th Cir. 2022) .............................................. 8

Russell, supra, 31 F.4th 729, 739 (9th Cir. 2022), ..................................................... 9

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ................................................................................................................. 7

*Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021 (9th Cir. 2010) ............................... 13

*Stewart v. Aranas*, 32 F.4th 1192, 1194 (9th Cir. 2022) ........................................... 8

*Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 718 (CD. Cal. 1993) ............................................................................................................................... 7

**STATUTES**

F.R.C.P., Rule 15(a) ..................................................................................................... 7

*Federal Rules of Civil Procedure*, Rule 12(b)(6) ....................................................... 6

*Federal Rules of Civil Procedure*, Rule 12(b)(6), ...................................................... 6

DAVID WEISS LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs assert both federal and state law causes of action arising from County Defendants' alleged failure to provide Decedent Travis Freeman ("Decedent") with adequate medical care during his detention at Los Angeles' County's Men's Central Jail ("MCJ'). In this motion, County Defendants request dismissal of the alleged constitutional claims as plaintiffs fail to plead facts to meet the deliberate indifference standard required to bring a claim under the Fourteenth Amendment. Instead, the allegations of fact in essence claim that unidentified individuals did not provide Decedent with *adequate* or *proper* care. Plaintiffs' claims amount to a common law negligence based medical malpractice claim, which is insufficient to state a federal constitutional claim. Further, a *Monell* claim requires a predicate violation of the Constitution. Third, plaintiffs' Fifth Claim Under ADA fails because the adequacy of Decedent's medical care is not covered and there are no allegations of intentional disability discrimination.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, mother and father of decedent Travis Freeman, filed their original complaint on February 27, 2024, asserting both federal and state law causes of action naming Defendants County of Los Angeles ("COLA") and Los Angeles County Sheriff's Department ("LASD") arising from the alleged failure to provide Decedent with adequate medical care and monitoring during his detention at Los Angeles County's Men's Central Jail ("MCJ"). (Complaint, ¶¶ 15-24.) County Defendants' filed their motion to dismiss plaintiffs' original complaint on July 3, 2024 on the grounds that plaintiffs' allegations failed to state their: (1) Fourteenth Amendment claim for deliberate indifference, (2) *Monell* claim with the requisite level of specificity, (3) ADA claim because the

**4**

allegations arise from inadequate treatment for plaintiffs' alleged disability and (4) breach of mandatory as it was not based on a statutory enactment.

On July 21, 2024, Plaintiffs filed their FAC, which substantively cured deficiencies with the breach of mandatory duty claim. The factual allegations in the FAC pertaining to plaintiffs' constitutional claims are otherwise the same. The FAC alleges Decedent was arrested on an outstanding warrant by the Los Angeles Police Department and transferred to MCJ where he was evaluated and treated for opiate and alcohol withdrawal symptoms, including prescriptions to address Decedent's opioid use disorder and gastrointestinal issues. (FAC, ¶ 16.) After being medically cleared and receiving treatment for his opiate and alcohol withdrawal symptoms, Plaintiff was housed in a four-man cell (B4) in Module 2800 at MCJ. (FAC, ¶¶ 17 and 20.) On May 21, 2023, Decedent was again evaluated and provided with further care and treatment while admitted to the County's Urgent Care Facility after a vomiting episode was observed while in his jail cell. (FAC, ¶ 19.)

On May 30, 2023, Decedent was found in his jail unresponsive. (FAC, ¶ 21.) Plaintiffs allege County Defendants failure to "conduct and analyze appropriate tests and implement appropriate treatment" led to plaintiff's death. (FAC, ¶ 22.) Specifically, Plaintiffs alleges Decedent's death was caused by unidentified County custody personnel and medical staff's failure to properly diagnose and treat Decedent's duodenal ulcers. (*Id*.)

Plaintiffs' claims are based, in part, on the conclusory and unsupported allegation that unidentified individuals working at MCJ were "deliberately indifferent to Mr. Freeman's medical needs." (FAC, ¶ 22.) However, plaintiffs' allegations confirm Decedent received medical care and treatment at the time of booking and again in the County Urgent Care Facility on May 21, 2023, and

1 therefore the allegations of fact in essence claim that defendants did not provide
2 Decedent with *adequate* or *proper* care. (FAC, ¶¶ 17 & 19.)

3 The FAC contains nine claims for relief, including five (5) federal claims (Nos. 1-5): (1) 42 U.S.C. § 1983: Violation of Civil Rights; (2) 42 U.S.C. § 1983: Failure to Intervene to Protect Pre-trial Detainee in Custody[1]; (3) 42 U.S.C. § 1983: Unconstitutional Custom, Practice, or Policy (*Monell*); (4) 42 U.S.C. § 1983: Inadequate Training (*City of Canton*); (5) Violation of Title II of ADA and four (3) state law claims (Nos. 6 - 9): (6) Negligence; (7) Failure to Summon Medical Care; (8) Breach of Mandatory Duty; and (9) Wrongful Death. Plaintiffs' First, Second, Sixth, Seventh, Eighth and Ninth claims are alleged only against unidentified individual defendants, not Defendants COLA or LASD. The only claims brought against named County Defendants are the Third (*Monell*), Fourth (Inadequate Training) and Fifth (ADA) claims.

### III. A MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IS PROPER

A motion pursuant to *Federal Rules of Civil Procedure*, Rule 12(b)(6), tests the legal sufficiency of the claims asserted in the complaint. F.R.C.P., Rule 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

---

[1] This failure to intervene claim replaces plaintiffs' claim for deprivation to Parent/Child Relationship.

1 is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, supra, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, *supra*, 556 U.S. at p. 678 (quoting *Twombly*, supra, 550 U.S. at p. 557.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555 (quoting *Papasan v. Allain* , 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, *supra*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The court need not accept as true legal characterizations, conclusory allegations, unreasonable inferences or unwarranted deductions of fact. *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 718 (CD. Cal. 1993); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395-1396 (CD. Cal. 1995).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. F.R.C.P., Rule 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

///

///

///

## IV. ARGUMENT

### A. Plaintiffs Fail to State a Claim under the Fourteenth Amendment for Deliberate Indifference

The First and Second Claims in plaintiffs' complaint allege that by accepting Decedent into the jail, failing to properly house him, failing to accurately diagnose his ulcers, failing to timely summon medical care, and failing to take appropriate measures to ensure he was receiving adequate and prompt medical care, unidentified County custody and healthcare staff violated Decedent's Fourteenth Amendment rights. Yet a review of the allegations of fact at paragraphs 15–23 indicate that the County and other unidentified individuals working at MCJ were not indifferent, deliberately or otherwise, to Decedent's care. Instead, plaintiffs essentially allege defendants did not provide him with *adequate* or *proper* care. Specifically, while the alleged facts establish the County provided treatment for Decedent's withdrawal, they allegedly failed to diagnose and treat him his underlying duodenal ulcers. (FAC, ¶ 17.) They therefore allege a medical malpractice action. That is insufficient to state a federal constitutional claim.

Under the Due Process Clause of the Fourteenth Amendment, pretrial detainees have a right to receive medical treatment while in police custody. *Hyde v. City of Willcox,* 23 F.4th 863, 873 (9th Cir. 2022). A claim for alleged violation of this right must be evaluated under an objective deliberate indifference standard. *Id.* Mere disagreement with a medical treatment plan is not deliberate indifference. *Stewart v. Aranas*, 32 F.4th 1192, 1194 (9th Cir. 2022). Nor is substandard medical care. A 42 U.S.C. § 1983 case is not a medical malpractice case. *Russell v. Lumitap*, 31 F.4th 729, 736 (9th Cir. 2022). The issue is whether the level of medical care was unconstitutional. *Id.*

To establish that a particular defendant gave a pretrial detainee an unconstitutional level of medical care, the detainee must show:

  (i)  that the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
  (ii)  those conditions put the plaintiff at substantial risk of suffering serious harm;
  (iii)  the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
  (iv)  by not taking such measures, the defendant caused the plaintiff's injuries.

*Russell*, *supra*, 31 F.4th 729, 739 (9th Cir. 2022), citing *Gordon v. County of Orange*, 888 F.3d 1118, 1124–1125 (9th Cir. 2018).

This inquiry focuses on what each individual defendant did or did not do. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, *supra*, 556 U.S. at 676. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (analyzing deliberate indifference in a custodial setting). "[A] constitutional tort plaintiff must allege that every government defendant— supervisor or subordinate—acted with the state of mind required by the underlying constitutional provision." *OSU Student All. v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012). Thus, "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil

rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1988).

Here, Plaintiffs fail to allege that any individual was personally involved in the decision to deprive Mr. Freeman's constitutionally guaranteed rights to medical treatment. Instead, the Complaint generally alleges that while Decedent was under the County's medical care, unidentified County healthcare workers failed to properly diagnose and treat him for his underlying duodenal ulcers and therefore concludes the County was "deliberately indifferent" to his medical needs. Specifically, the Complaint alleges Decedent was arrested on an outstanding warrant by the Los Angeles Police Department and transferred to MCJ where he was evaluated and treated for opiate and alcohol withdrawal symptoms, including prescriptions to address decedent's opioid use disorder and gastrointestinal issues. (FAC, ¶ 17.) After being medically cleared, Decedent was housed in a four-man cell (B4) in Module 2800 at MCJ. (FAC, ¶ 20.) On May 21, 2023, Decedent was further evaluated and provided care and treatment while admitted to the County's Urgent Care Facility after a vomiting episode was observed while in his jail cell. (FAC, ¶ 19.) On May 30, 2023, Decedent was found in his jail unresponsive. (FAC ¶ 21.)

Plaintiffs allege that the unidentified County healthcare workers failure to "conduct and analyze appropriate tests and implement appropriate treatment" led to plaintiff's death due to County medical staff's failure to properly diagnose and treat Decedent's ulcers. (FAC, ¶ 22.) Accordingly, plaintiffs allege that although Decedent underwent a series of medical evaluations by unidentified County health care providers, they failed in to exercise appropriate medical care and judgment resulting in the wrongful death of Mr. Freeman. The allegations amount to a quintessential medical malpractice claim, not the essential facts required to state a claim for constitutional deliberate indifference.

These are not allegations that the County Defendants made intentional decisions that put Decedent at risk and then failed to take reasonably available measures to abate the risk. They are allegations that they failed to properly diagnose and provide adequate medical care to address an underlying health condition. They are allegations of medical malpractice. The liability issues presented here concern whether County Defendants failed to properly provide a medical diagnosis, which is a medical matter, rather than a constitutional one—particularly since it is undisputed that decedent received medical evaluations, care, and treatment while in County custody.

Plaintiffs also allege that unnamed individual defendants failed to carry out adequate visual observations of Decedent. These allegations do not state a claim since those defendants may be sued only for their own actions. Further, the observational checks that were adequate considering Decedent's medical diagnosis is a medical matter, rather than a constitutional one—particularly since Decedent was housed in a cell with four other inmates.

### B. Because No Constitutional Violation is Alleged, Plaintiffs' Third and Fourth Claims Must Also Fail

The Third and Fourth Claims allege the County's liability for custom, policy, or practice under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978). A *Monell* claim requires a predicate violation of the Constitution. *Richards v. County of San Bernardino*, 39 F.4th 562, 574 (9th Cir. 2022). As explained above, the complaint fails to state a claim for violation of the Decedent's Fourteenth Amendment rights. The allegations do not show deliberate indifference to Decedent's medical needs. To the contrary, they show Decedent received medical evaluations, care, and treatment, including prescription medications to help with alcohol withdrawal and related gastrointestinal symptoms. Ultimately, the allegations suggest Decedent had an underlying

**11**
**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1 medical condition – duodenal ulcers – that was not properly diagnosed by
2 unidentified County medical staff and therefore the County's alleged negligence,
3 not deliberate indifference, caused Decedent's alleged wrongful death. That is at
4 most medical malpractice, not constitutional deliberate indifference. Similarly,
5 plaintiffs do not allege that cell checks weren't performed, but that negligently
6 performed, so that the jail staff didn't discover decedent until the other inmates
7 gave a "man down." (FAC, at 20.)

8 Further, the *Monell* claims fail on their face because the allegations of
9 customs, policies, and practices are conclusory. (FAC, ¶¶ 10-14.) The complaint
10 alleges past instances of inmates dying in custody, and a settlement, but does not
11 explain how those incidents are similar to this one, or show a particular custom,
12 policy or practice that was the moving force in the Decedent's death. In
13 particular, the failure-to-train claim fails absent pleaded facts showing either a
14 pattern of inmate deaths resulting from the same misconduct alleged here (failure
15 to perform adequate Title 15 checks of cells with medically-compromised
16 inmates) or that the unconstitutional consequences of failing to train officers on
17 performing the cell checks were patently obvious. See *Perez v. City of Fresno*,
18 __F.4th__, No. 22-15546 (9th Cir. April 15, 2024).

19 **C. Plaintiffs' ADA Claim Fails as A Matter of Law**

20 Title II of the Americans with Disabilities Act ("ADA") prohibits
21 discrimination against a qualified individual from the benefits of the services,
22 programs, or activities of a public entity on the basis of disability. 42 U.S.C. §
23 12132. To state a claim, a plaintiff must allege: "(1) he is an individual with a
24 disability; (2) he is otherwise qualified to participate in or receive the benefit of
25 some public entity's services, programs, or activities; (3) he was either excluded
26 from participation in or denied the benefits of the public entity's services,
27 programs, or activities, or was otherwise discriminated against by the public

1 entity; and (4) such exclusion, denial of benefits, or discrimination was by reason
2 of [his] disability." *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021 (9th Cir. 2010),
3 overruled on other grounds by Castro, 833 F.3d at 1060 (en banc). When seeking
4 monetary relief, a plaintiff must additionally prove intentional discrimination as
5 defined by the "deliberate indifference" standard. *Duvall v. County of Kitsap*, 260
6 F.3d 1124, 1138 (9th Cir. 2001).

7 To prevail under the ADA and RA, Plaintiff must plead that "the
8 accommodations offered by the [State] were not reasonable," *id.* at 1137, and that
9 as a result, he was unable "to enjoy meaningful access to the benefits of [the
10 prison's] services," *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010)
11 The ADA prohibits discrimination because of disability, not inadequate treatment
12 for disability. *See Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996) ("[T]he
13 Act would not be violated by a prison's simply failing to attend to the medical
14 needs of its disabled prisoners .... The ADA does not create a remedy for medical
15 malpractice."). Generally, a plaintiff cannot state an ADA/RA claim for medical
16 treatment in a custodial setting unless the plaintiff pleads and proves either
17 discrimination or failure to accommodate. See *Barker v. Osemwingie*, 2024 WL
18 2890180 (9th Cir. June 10, 2024) (The ADA does not create a remedy for medical
19 malpractice); *Cravotta v. County of Sacramento*, __F.Supp.3d___ , 2024 WL
20 645705 (E.D. Cal. 2024) (plaintiff pleads ADA claim as to failure to transfer to
21 state hospital, but not as to inadequacy of mental health services provided in jail);
22 *Gilbert v. County of Los Angeles*, 2022 WL 18110848 (C.D. Cal. 2022) (where
23 no evidence plaintiff denied medical care because of disability, no claim under
24 ADA).

25 Plaintiffs' claim here is that Decedent was discriminated against by the
26 County's failure to provide adequate medical treatment. Such a claim for
27 inadequate treatment is not covered by the ADA. *Carrier v. Cty. of L.A.*, 2019

**13**
**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

1 U.S. Dist. LEXIS 228662, at *15 (C.D. Cal. 2019) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.") (emphasis added). Also, there are no allegations regarding the accommodations would be reasonable under the circumstances. Further, Plaintiffs fail to allege any specifics concerning the qualifying disability or how Decedent was discriminated against because of his alleged disability. Plaintiffs further omit required allegations regarding how Decedent was excluded from necessary services based on his disability. To the contrary, the allegations confirm Decedent received medical care and treatment during his incarceration, including a medical evaluation in Urgent Care when he was exhibiting signs of illness. (FAC, ¶ 19.) Accordingly, Plaintiffs' Fifth Claim for Violation of the ADA should be dismissed.

## V. CONCLUSION

For all the foregoing reasons, County Defendants respectfully request that the Court enter an order dismissing plaintiffs' Claims detailed above.

Dated:  August 12, 2024       **DAVID WEISS LAW**

_____
DAVID J. WEISS, ESQ.
NICHOLAS A. WEISS, ESQ.
Attorneys for Defendants,
**COUNTY OF LOS ANGELES AND LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

# PROOF OF SERVICE

**KIMBERLY FREEMAN, et al. v. COUNTY OF LOS ANGELES, et al.**
Case No. 2:24-cv-01600 MWF(AJRx)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11340 West Olympic Boulevard, Suite 100, Los Angeles, California 90064.

On **August 12, 2024,** I electronically filed the document entitled **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS' COUNTY OF LOS ANGELES AND LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; [PROPOSED] ORDER** with the Clerk of the United States District Court for the Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the parties on the attached service list and counsel of record who are registered with the Court's CM/ECF System:

**SEE ATTACHED SERVICE LIST**

[X] **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)** In accordance with the electronic filing procedures of this Court, service has been effectuated on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF System.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 12, 2024**, at Los Angeles, California.

*Brittney D. Igor*
Brittney D. Igor

**1**
**PROOF OF SERVICE**

## SERVICE LIST

## KIMBERLY FREEMAN, et al. v. COUNTY OF LOS ANGELES, et al.
## Case No. 2:24-cv-01600 MWF(AJRx)

| John Burton, Esq.<br>The Law Offices of John Burton<br>128 North Fair Oaks Avenue<br>Pasadena, CA 91103<br>626-449-8300<br>jb@johnburtonlaw.com<br>***Attorneys for Plaintiffs*** | Erin Darling, Esq.<br>Law Offices of Erin Darling<br>3435 Wilshire Boulevard, Suite 2910<br>Los Angeles, CA 90010<br>323-736-2230<br>erin@erindarlinglaw.com<br>***Attorneys for Plaintiffs*** |