David J. Weiss, Esq., SBN 78542
Nicholas A. Weiss, Esq., SBN 260606
**DAVID WEISS LAW**
3019 Ocean Park Blvd #392
Santa Monica, CA 90405
Phone: (310) 575-9566
Fax: (310) 575-9576
weissn@djwlaw.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY FREEMAN, individually and as the personal representative of TRAVIS CULVER FREEMAN, deceased; KENT FREEMAN, individually and as the personal representative of TRAVIS CULVER FREEMAN, deceased,<br><br>              Plaintiffs,<br>    v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 1 TO 10,<br><br>              Defendants. | CASE NO. **2:24-cv-01600 MWF(AJRx)**<br><br>[~~PROPOSED~~]<br>**PROTECTIVE ORDER**<br><br>**Complaint Filed:**<br>**February 27, 2024** |

**1**
[~~PROPOSED~~] **PROTECTIVE ORDER**

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **GOOD CAUSE STATEMENT**

Good cause exists for entry of this stipulated protective order because discovery exchanged in this action is likely to contain documents with information that could infringe on the privacy rights of third parties, including County employees and other inmates at Men's Central Jail who are not parties in this matter. Gov. Code § 6254(c) exempts from inspection of public records "personnel, medical, or similar files, the disclosure of which constitute unwarranted invasion of personal privacy." Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in

a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 3. ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See *Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling

1 reasons, supported by specific facts and legal justification, for the requested
2 sealing order. Again, competent evidence supporting the application to file
3 documents under seal must be provided by declaration.

4 Any document that is not confidential, privileged, or otherwise protectable
5 in its entirety will not be filed under seal if the confidential portions can be
6 redacted. If documents can be redacted, then a redacted version for public
7 viewing, omitting only the confidential, privileged, or otherwise protectable
8 portions of the document, shall be filed. Any application that seeks to file
9 documents under seal in their entirety should include an explanation of
10 why redaction is not feasible.

**4. <u>DEFINITIONS</u>**

4.1   This federal lawsuit entitled *Kimberly Freeman et al. vs. County of Los Angeles et al.* (Case No. 2:24-cv-01600 MWF) involves federal and state law causes of action arising from County Defendants' alleged failure to provide Decedent Travis Freeman with adequate medical care, supervision and monitoring during his detention at Los Angeles' County's Men's Central Jail.

4.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9 Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 5. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

## 6. DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

## 7. DESIGNATING PROTECTED MATERIAL

7.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for

1 protection only those parts of material, documents, items or oral or written
2 communications that qualify so that other portions of the material, documents,
3 items or communications for which protection is not warranted are not swept
4 unjustifiably within the ambit of this Order.

5 Mass, indiscriminate or routinized designations are prohibited. Designations
6 that are shown to be clearly unjustified or that have been made for an improper
7 purpose (e.g., to unnecessarily encumber the case development process or to
8 impose unnecessary expenses and burdens on other parties) may expose the
9 Designating Party to sanctions.

10 If it comes to a Designating Party's attention that information or items that it
11 designated for protection do not qualify for protection, that Designating Party must
12 promptly notify all other Parties that it is withdrawing the inapplicable designation.

13 7.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in
14 this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material
15 that qualifies for protection under this Order must be clearly so designated before
16 the material is disclosed or produced.

17 Designation in conformity with this Order requires:

18 (a) for information in documentary form (e.g., paper or electronic
19 documents, but excluding transcripts of depositions or other pretrial or trial
20 proceedings), that the Producing Party affix at a minimum, the legend
21 "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
22 contains protected material. If only a portion of the material on a page qualifies for
23 protection, the Producing Party also must clearly identify the protected portion(s)
24 (e.g., by making appropriate markings in the margins).

25 A Party or Non-Party that makes original documents available for inspection
26 need not designate them for protection until after the inspecting Party has indicated
27 which documents it would like copied and produced.

During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

///

///

///

**ORDER**

1  
2  IT IS SO ORDERED.  
3  
4  
   DATED: 2/20/2025                    _____  
5                                       HON. A. JOEL RICHLIN  
6                                       UNITED STATES MAGISTRATE JUDGE  
7  

DAVID WEISS LAW

9

**[PROPOSED] PROTECTIVE ORDER**